[No. 24626. Department Two. December 11, 1933.]

J. I. CASE COMPANY, *Appellant,* v. PEOPLE'S STATE BANK OF WALLA WALLA *et al., Respondents.*[1]

*D. R. Glasgow* and *Earl W. Benson,* for appellant.

*T. A. Paul* and *Hart Snyder,* for respondent.

TOLMAN, J.—The appellant, as claimant, having presented formal proof of what it alleged to be a preferred claim against the People's State Bank of Walla Walla, then in liquidation, and its claim having been rejected by the liquidator in charge, it brought this action to establish the claim as preferred and to impress the assets of the bank with a trust in its favor to the extent of the claim.

A trial on the merits resulting in findings of fact and conclusions of law against the plaintiff's contentions, and a judgment thereon, dismissing the action,

[1]Reported in 27 P. (2d) 578.

followed. From this judgment, the plaintiff has appealed.

The essential facts as we view them are not now in dispute, and stated briefly and somewhat generally, they are substantially as follows:

Some time prior to July 11, 1932, appellant had sold to one James A. Stephens, a wheat farmer, a combined harvesting and threshing machine, taking to secure the unpaid portion of the purchase price a chattel mortgage on the machine, which was on the date mentioned past due and unpaid in the amount of $1,147.81. At that time, there was in full force and effect a crop mortgage given by Stephens to the bank, covering all of his wheat crop grown in the year 1932, to secure the payment of some four to five thousand dollars, owing by Stephens to the bank.

Appellant had been threatening to foreclose its mortgage on the combine, and was unwilling to permit Stephens to use it in the approaching harvest without some assurance that it would be paid some part, at least, of the amount due to it. Negotiations between the several interested parties resulted in the bank, acting through its cashier, on the date mentioned, signing and delivering to appellant a writing in the following form:

"We hereby waive our interest to the extent of $500 in the crop mortgage, dated January 2nd, 1932, given by James A. Stephens to the Peoples State Bank of Walla Walla, Washington, to the J. I. Case Company, to be paid to them October 1, 1932."

Appellant refrained thereafter from foreclosing its mortgage. Stephens was permitted to retain and use the machine, and presumably harvested his 1932 crop of wheat with it. After harvest, Stephens delivered his wheat to the warehouse of Kerr Gifford Company, and on September 13, 1932, received from the ware-

houseman its check, as an advance on the wheat so stored, in the sum of seven hundred and fifty dollars. The check was drawn to the order of Stephens and the Peoples State Bank. On the day the check was issued, Stephens deposited it in the Peoples State Bank to the credit of his own account and subject to check by him. The day following, the bank closed its doors and went into liquidation. Afterwards, and in due course of liquidation, this credit on the books of the bank was offset against the amount owing by Stephens to the bank.

It appears quite clearly that Stephens received and deposited the check with no thought of appellant's claim in mind, and that he took no step toward paying five hundred dollars or any other sum therefrom to the appellant. Stephens testified that he had intended and hoped to pay some of his small debts with the proceeds of this check, and had the bank remained open and appellant remained quiescent, he would have no doubt disbursed the money to others, as he had the legal right to do.

Appellant never gained any legal or equitable interest in or title to the check or its proceeds. It never had any lien on Stephens' wheat. The waiver from the bank was but a relinquishment of its right as mortgagee to five hundred dollars of the proceeds of the crop, and that relinquishment did not create in or assign to the appellant any right to such proceeds. 4 Words & Phrases 1222, and cases there cited.

By waiving and relinquishing its mortgage security to the extent of five hundred dollars, the bank left the way open for appellant to acquire from Stephens that particular money which otherwise would have belonged to it by virtue of its mortgage. Appellant never did acquire from Stephens any right or title to or any lien on the fund which the bank had relinquished, and

therefore, when the bank failed, the money on deposit belonged wholly to Stephens.

Appellant not having acquired any title to the fund either legal or equitable, it has no claim against the bank.

The judgment is affirmed.

BEALS, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.